**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2362
_____

HAROLD HUNT,
                                        Appellant

v.

MATTHEW SMITH, Patrolman
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-00464)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2024

Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed:  February 23, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

Matthew Smith, a police officer, responded to a 9-1-1 call that Harold Hunt's wife

had made.  After hearing conflicting stories about the incident that precipitated the call

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and the resulting injuries, Smith arrested Hunt and charged him with strangulation, simple assault, and harassment.  Subsequently, Hunt was tried by a jury and found not guilty of the charges.

In the District Court, in his second amended complaint, Hunt alleged that Smith had violated his Fourth Amendment rights by subjecting him to false arrest and malicious prosecution.  The discovery deadline was twice extended on motions from the parties, and, when the discovery period expired, Smith moved for summary judgment.  The District Court, adopting the report and recommendation of a Magistrate Judge over Hunt's objections, granted the motion and entered judgment in favor of Smith.

Hunt appeals.  In his brief, he asks that the judgment be reversed because Smith filed his motion for summary judgment before Hunt had received discovery materials that he had requested.  He further contends that the Magistrate Judge and the District Judge did not resolve the discovery dispute between the parties and did not look at or issue orders about his requests for discovery.

We have jurisdiction under 28 U.S.C. § 1291.  As Smith argues, Hunt does not assert that the District Court made factual or legal errors in the summary judgment ruling based on the record available to it.  Accordingly, Hunt has largely forfeited review of the District Court's decision.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).  However, we will consider whether the judgment is infirm because of the discovery issues that Hunt discusses.  Our review of discovery rulings is for abuse of discretion, see Anderson v. Wachovia Mortg. Corp., 621

2

F.3d 261, 281 (3d Cir. 2010), but, to the extent that Hunt raises legal issues, our review is plenary, see Crivelli v. Gen. Motors Corp., 215 F.3d 386, 389 (3d Cir. 2000).

Hunt did not file a motion to compel discovery or seek discovery-related relief from the District Court before the discovery period closed and Smith filed his summary judgment motion. And, in opposing Smith's motion for summary judgment, he made arguments relating to the record before the District Court. At the end of his sur-reply, he mentioned that he had served interrogatories to Smith and had not gotten a response, but he did not request any relief. Accordingly, despite Hunt's argument to the contrary, there was no discovery dispute for the Magistrate Judge to consider in preparing the report and recommendation.

Hunt did make a request in his objections that the District Court order the "defendant [to] turn over discovery or settle the case." ECF No. 63 at 2. And, in his amended objections, he asked the District Court to allow him "to get interrogatories and production of documents denied by the defendant," ECF No. 64 at 12, apparently related to "discovery requests before the discovery deadline," id. at 1. As Hunt states, the District Court did not explicitly rule on these requests. But, the failure to do so is not a basis to reverse the District Court's judgment in this case, as Hunt requests.

While it "would have been preferable" for the District Court to separately discuss the discovery issue, we cannot conclude that the District Court abused its discretion in declining to grant Hunt the discovery relief requested when it ruled on the motion for summary judgment. See Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988). Hunt did not comply with the procedural requirements to seek more time for

discovery after Smith filed his motion for summary judgment motion. More specifically,

he did not show by affidavit or declaration that he could not present essential facts to

oppose the motion so that the District Court could consider, inter alia, allowing more time

to conduct discovery. See Fed. R. Civ. P. 56(d). Instead, Hunt presented brief requests

for additional discovery, with which he provided little in the way of details about what he

previously requested and when from Smith, and no information about how what he

sought would preclude summary judgment or about why he had not previously obtained

it (despite two extensions of the discovery period). Accordingly, under the circumstances

of this case, the District Court did not abuse its discretion in ruling on Smith's motion for

summary judgment despite the discovery-related requests that Hunt included in his

objections and amended objections.[1] See Dowling, 855 F.2d at 140-41.

For these reasons, we will affirm the District Court's judgment.

---

[1] To the extent that Hunt argues that the District Court should not have granted the motion for summary judgment because of the timing of its filing, we disagree; there was nothing inappropriate in the timing of its filing upon the close of the discovery period.